```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


JOHN P. SERRA., II              )
                                )
          Plaintiff,            )   CIVIL ACTION NO.
                                )   11-11843-DPW
v.                              )
                                )
QUANTUM SERVICING CORP.         )
EQUIFIRST CORPORATION,          )
WELLS FARGO BANK, N.A.,         )
TRUSTEE FOR RMAC PASS-          )
THROUGH TRUST, SERIES 2010-A    )
                                )
          Defendants.           )
```

MEMORANDUM AND ORDER
March 29, 2013

In connection with my Memorandum and Order of August 15, 2012, in which I granted summary judgment to the defendants outright on most claims but found myself unable on the basis of the record before me to resolve: (1) Count V regarding the Massachusetts Credit Cost Disclosure Act c. 140D and 209 CMR 32.23.(1)(c), (2) so much of Counterclaim I as concerned litigation fees and costs arising from the foreclosure sale, and (3) Counterclaim II for unjust enrichment, I directed the parties to make further submissions to frame the issues.

Upon review of those submissions, I now grant summary judgment to the defendant and deny it to plaintiff on Count V, find the litigation fees and costs from the foreclosure sale have been adequately supported and have not been challenged by

plaintiff with respect to that support and find that Counterclaim II for unjust enrichment has been withdrawn.

Only the availability of summary judgment to the defendant on Count V now requires any further discussion. And that discussion need only be brief.  As established through the affidavit of Rod Correia (Doc. 52), the credit fee activity charge of $224.48 is fully supported by the underlying invoices which show "actual hard cost charges", *id.* at para 5, that I find, in the absence of contrary evidence, reasonable for the fee.  In any event, the plaintiff's claim in this regard would be against Equifirst, the lender, an entity which is not before the court.  It is unlikely, however, given plaintiff's financial circumstances that an intensive inquiry into his credit history resulting in charges in this amount would be found unreasonable.

Accordingly, I direct the clerk to enter judgment for the defendants with an award to defendant Wells Fargo of a deficiency judgment (including litigation fees and costs) of $212,470.37.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE